3 PAGES
HERUM\CRABTREE\SUNTAG
A California Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
Facsimile: (209) 472-7986

Attorneys for Chapter 7 Trustee
KIMBERLY J. HUSTED

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>B & G DELIVERY SYSTEM, INC.,<br><br>                Debtor. | Case No.: 19-20391<br><br>DC No.:HCS-8<br><br>[~~PROPOSED~~] STIPULATED ORDER AUTHORIZING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE AND FOR RELATED RELIEF<br><br>Date: October 19, 2020<br>Time: 9:00 a.m.<br>Place: Department A<br>The Honorable Fredrick E. Clement |

1

ORDER AUTHORIZING SALE OF ASSETS

RECEIVED
October 22, 2020
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006869876

On August 14, 2020, Kimberly J. Husted, chapter 7 trustee ("Trustee"), served and filed a motion for an order approving the sale of certain assets of the Debtor's Estate (the "Remnant Assets") to Oak Point Partners, LLC ("Oak Point") pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and for related relief ("Motion").[1] The hearing on the Motion was duly scheduled for September 14, 2020.

No opposition was filed to the Motion. At the hearing, the Court granted a continuance of the hearing to October 19, 2020, at 9:00 a.m. to allow the Trustee and Oak Point to make some amendments to the Motion.

On September 21, 2020, the Trustee filed the amendments to the Motion.

The continued hearing was held on October 19, 2020, as scheduled. The Court, having jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion and the continuance of it having been provided; and the Court having read and considered the Motion; and there having been no opposition to the Motion; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; an overbid having been received and presented at the hearing on the Motion with respect to one specific asset, and the Trustee, Oak Point, and the overbidder having reached an agreement as to the overbid; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause for the relief granted herein; rules as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED as revised and set forth herein.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

ORDER AUTHORIZING SALE OF ASSETS

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety with the express exception that, at the request of the parties, the Remnant Assets shall exclude the Estate's right, title, and interest in and to, including all related rights and proceeds of, the potential rights under the insurance policy identified as "Potential Captive Insurance Reserves, Presidio Insurance, Ltd.," item 73 in Schedule B of the Debtor's bankruptcy schedules (the "Captive Insurance").

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets without the Captive Insurance to Oak Point for the Purchase Price as provided in the Motion.

6. The bid presented at the hearing by SM Financial Services Corporation ("SM Financial") to acquire the Debtor's rights in the Captive Insurance in exchange for a lump sum payment of $1,500.00, which has been accepted by the Trustee, is approved.

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement and this Order, including preparing and signing such documents that may be reasonably necessary.

8. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the sale of the Captive Insurance to SM Financial.

9. Each of Oak Point and SM Financial is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

10. The transfer of the Remnant Assets to Oak Point constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

11. The transfer of the Captive Insurance to SM Financial constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Captive Insurance, and shall vest SM Financial with all of the Trustee's and the Debtor's Estate's right, title and interest in the Captive Insurance and proceeds thereof.

12. The 14 day stay under Bankruptcy Rule 6004(h) is waived.

13. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Date: _____

_____
HONORABLE FREDRICK E. CLEMENT
United States Bankruptcy Judge

**THE FOREGOING IS STIPULATED AND AGREED TO BY:**

HERUM\CRABTREE\SUNTAG
A California Professional Corporation

By: /s/ *Dana A. Suntag*
     Dana A. Suntag
     Attorneys for Kimberly J. Husted

OAK POINT PARTNERS, LLC

By: _____
     Janice A. Alwin
     General Counsel

SM FINANCIAL SERVICES CORPORATION

By: [signature]
     Steven Mitnick, Esq.

|   |   |   |
|---|---|---|
| 1 | 11. | The transfer of the Captive Insurance to SM Financial constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Captive Insurance, and shall vest SM Financial with all of the Trustee's and the Debtor's Estate's right, title and interest in the Captive Insurance and proceeds thereof. |

11. The transfer of the Captive Insurance to SM Financial constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Captive Insurance, and shall vest SM Financial with all of the Trustee's and the Debtor's Estate's right, title and interest in the Captive Insurance and proceeds thereof.

12. The 14 day stay under Bankruptcy Rule 6004(h) is waived.

13. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Dated: Oct 22, 2020

Fredrick E. Clement
United States Bankruptcy Judge

**THE FOREGOING IS STIPULATED AND AGREED TO BY:**

HERUM\CRABTREE\SUNTAG
A California Professional Corporation

By: /s/ *Dana A. Suntag*
Dana A. Suntag
Attorneys for Kimberly J. Husted


OAK POINT PARTNERS, LLC

By: _____
Janice A. Alwin
General Counsel


SM FINANCIAL SERVICES CORPORATION

By: _____
Steven Mitnick, Esq.

4

ORDER AUTHORIZING SALE OF ASSETS